LEWIS PIPER, Ex'or, &c., *v.* WATSON HEATHERINGTON et al.

COSTS: TAXED AGAINST THE HEIRS UPON THEIR UNSUCCESSFUL CONTESTATION OF A WILL.—The heirs who have unsuccessfully attacked the validity of a will are not entitled to have the costs taxed upon the estate, upon the certificate of the Circuit Court, before which the issue *of devisavit vel non* was tried, that there was probable ground for contesting it.

IN error from the Probate Court of Adams county. Hon. Reuben Bullock, judge.

*Ralph North,* for plaintiff in error.

No counsel appeared for defendants in error.

HANDY, J., delivered the opinion of the court.

In this case an issue of *devisavit vel non* was sent by the Probate Court of Adams county to the Circuit Court, at the instance of the defendants in error, as heirs-at-law of the testator. The issue was found in favor of the validity of the will; and thereupon the Circuit Court, on the application of the defendants in error, certified to the Probate Court that there was probable ground for contesting the will. When the case went back to the Probate Court, the defendants in error, moved that the costs be decreed to be paid out of the estate of the testator, on the ground that there was probable ground for contesting the will; and the motion was granted and a decree made accordingly, in virtue of the statute allowing costs to executors and administrators, when there is probable cause for prosecuting or defending suits in relation to the estate. Hutch. Code, 670, § 111.

This order is manifestly unwarranted by the statute. It was intended that costs which might be incurred by executors or administrators in prosecuting or defending suits pertaining to the estate, shall be paid out of the estate, when there was a certificate of the court in which the suit was brought, that there was probable ground for instituting, prosecuting or defending it. But it was never intended that other persons, who might bring suits against an estate, should recover costs against the estate, where they failed in their suits, although the court might be of opinion that there was probable ground for instituting the suit. The statute manifestly has no application to such a case.

The decree is reversed, and judgment for costs ordered against the defendants in error.