HON. JAMES BARRETT,
HON. ASAHEL PECK,  } ASSISTANT JUDGES.
HON. WILLIAM C. WILSON,

---

LEWIS WILLIAMS, *Executor of* J. ROBINSON *v.* J. P. ROBINSON, *Appellant.*

*Wills. Guardian and Ward. Insanity. Pleading.*

The appointment of a guardian is not conclusive of the competency of the ward to make a will, though the guardianship still exists.

Pleas by a contestant of a will that the testator before making the will had been adjudged insane, and that a guardian had been appointed over him, and the guardianship existed at the time of making the will, *held* insufficient upon demurrer.

THIS was an appeal from the decision of the probate court, allowing the will of John Robinson. The appellant pleaded: *First*, that the said John Robinson, at the time of making his said will, was not of sound mind. *Secondly*, that the said Lewis Williams, by undue influence, procured the said John Robinson to make said will. *Thirdly*, that before the making of said will, the probate court for the district of Manchester, adjudged the said John Robinson to be insane. And *fourthly*, that the probate court, upon an application representing said John to be insane, appointed a guardian over him and that the guardianship continued and existed at the time of making said will.

Lewis Williams traversed the two first pleas, and issue was joined thereon. To the two last pleas Williams demurred.

The court at the June Term, 1866, KELLOGG, J., presiding, overruled the demurrer, *pro forma*, and adjudged, *pro forma*, that the pleas were sufficient and that the appellant should recover his costs, and the will was disallowed.

*Butler & Wheeler*, for the defendant.

I. While under guardianship the supposed testator could not make a will. G. S. p. 377, § 1; Redf. 44–5, n.; G. S. p. 471, § 17; 2 Burn. Eccl. Law, 507; *Hunt* v. *Lee*, 10 Vt. 298. During the whole period of the rise and progress of the civil law, lunatics and spendthrifts were treated alike as to interdiction by guardianship. The effect of such interdiction was an absolute disability to make a will.

The effect of our statute is to place the person and property of the ward entirely under the control of the guardian, and to deprive the ward of the means and freedom of volition, which are peculiarly necessary to the making of a will. G. S. p. 477, § 16; *ib.* 484 § 49.

Although the rule that guardianship imposes only a *prima facie* disability to make a will, is settled in Massachusetts, the court in a later case seem to have had some doubts as to its soundness. *Stone* v. *Damon*, 12 Mass. 488; *Breed* v. *Pratt*, 18 Pick. 115.

II. These pleadings are according to the course of the common law, and it was sufficient for the defendant to set forth enough to

make a *prima facie* case against the validity of the will.  G. S. p. 374, § 34 ; Gould's Pl. 83.

By all the authorities the guardianship imposed, at least, a *prima facie* disability, and if there was anything which would avoid this disability, the plaintiff should have brought it forward by replication. *Lapham* v. *Briggs,* 27 Vt. 26 ; *Breed* v. *Pratt,* 1 Jarman, 79 ; Redf. 43, 133.

III.  The plea, setting forth that the supposed testator had been adjudged to be an insane person before the making of the will, is sufficient.  The adjudication was by a court having competent jurisdiction, and is conclusive that he was an insane person at the time the decree was made.  *Stone* v. *Damon,* 12 Mass. 488.

The law presumes that this condition continued while he lived, since nothing appears to the contrary.  Swinburne, 77 ; Redf. 113.

*A. Stoddard* and *E. E. Kellogg,* for the plaintiff, maintained that a person adjudged insane and under a commission of lunacy or guardianship is not conclusively barred of his right to make a will. 1 Domat, pl. 1, Book 2, p. 560 ;  2 *ib.* p. 276, art. iv. ;  1 Jar. on Wills, 65, *et. seq.* ; Redf. on Wills, 108, 133, § 21, 114, 117 ; 6 Har. Dig. 892 ; *Stone* v. *Damon,* 12 Mass. 488 ; *Breed* v. *Pratt,* 18 Pick. 115.

The opinion of the court was delivered by

BARRETT, J.  In order to render a former adjudication conclusive upon the present matter in issue, the same matter should have constituted the subject of such former adjudication, and the issue in the former case should have been between the parties to the present issue, or such a relation of privity should exist as to place the present parties in the same legal relation to the former adjudication as if they had been the actual parties.

For the purpose of determining whether the two pleas in question in this case are sufficient, it does not become necessary to consider whether the parties sustain such a relation.  It is sufficient to consider whether the subject matter of the former adjudication, necessa-

Robinson's Executor *v.* Robinson.

rily involved and determined the subject of the dispute in the present case.

The objection to the probating of the will is, that the testator was not of sound and disposing mind and memory by reason of insanity, at the time he made the will. The adjudication vouched, as having concluded this point, is the action of the probate court in appointing a guardian of the testator as an insane person. Section 11, chapter 72, General Statutes, enacts that, " the words 'insane person ' shall be construed to include every idiot, *non compos*, lunatic or distracted person." Section 12 provides that " the probate court may appoint guardians of insane persons, on the application of the relative or friend of any person, or of the overseer of the poor of the town in which such person shall reside, representing to the probate court that such person is insane and incapable of taking care of himself, and praying that a guardian may be appointed." From these provisions it is apparent that the ground of the appointment of a guardian is, that the person, either by weakness of mind, or by distraction, is incapable of taking care of himself; and that the purpose is to secure proper care of his person and of his property; and as to his property, to secure it from being wasted through lack of care, or squandered by improvident contracts. It is elementary in the law that a person of a lower degree of mental capacity is to be regarded competent to make a testamentary disposition of his property, than is required to deal with and dispose of it by contracts.

For aught that the pleas disclose, the guardianship may have been imposed on the sole ground of weakness of capacity, and not for insanity; and while that weakness may have been such as to warrant the appointment of a guardian for the reasons and purposes contemplated by the statute, yet it may by no means have been such as to render the party incompetent to dispose of his property by will. It needs no discussion or authority to show, that at the least, and in any view, the pleas should show that the matter adjudicated by the appointment of the guardian was a condition of mind that would render the party incompetent to make a valid will. That not having been done, it follows that the pleas are insufficient.

It is proper to remark still further, that in a more extended view

of the case, it would seem very difficult upon principle, or in conso-
nance with good policy, to hold such matter to be conclusive of the
question of competency to make a will. It is well known that often
a guardian is appointed on account of some derangement that proves
to be temporary, and passes off, leaving the party sound as ever ; and
yet steps for removing the guardian are not taken for considerable
time after full restoration. Oftentimes persons badly deranged
become perfectly sane for some short period before death, during
which there is neither time nor means of getting a guardian removed ;
nor would there be any occasion for it, unless it should be held
necessary for the sole purpose of enabling the party to make a valid
will. It would seem peculiarly incongruous and hard that in either
case a will made by such persons, thus become sane, should be held
invalid merely by force of the record of the probate court, of a
proceeding that had no relation, either of ground or purpose, to the
capacity of the party to make a proper disposition of his property
by will.

Having reference to the statutes under which the appointment of
the guardian was made, we find no occasion to regard the subject in
any other view than that above taken, and therefore withhold any
discussion of it in reference to the books and cases that were cited
in the argument. We also withhold the expression of views as to
any use which, under circumstances, might properly be made of
the record of the proceeding in the probate court as evidence bear-
ing upon the subject of the mental condition of the testator.

The judgment is reversed, and the pleas adjudged insufficient. On
motion of the defendant, by special leave of the court, the case is
remanded to the county court.