WASHINGTON GIBSON v. JOHN T. VAN SYCKLE.

*Wills—Power to devise land—Estates of decedents—Costs.*

A citizen of Michigan, who died in Iowa while on his way to a place in which he intended to settle, left a letter purporting to be written by an amanuensis but signed in his name, in which occurred the sentence: " I want the proceeds of my estate to go to Robert and Eliz-

abeth Gibson." The signature of a third person was attached to the letter, thus: "Attest, J. E. Shellady." *Held*, that this instrument could not be originally probated in Michigan as a devise of land.

The power to devise land does not exist at common law, but is governed by statute.

Where an instrument propounded as a will is found to be inadmissible to probate and there is no estate under administration, the costs of all courts are awarded against the proponent.

Error to Van Buren. Submitted January 5. Decided January 18.

APPEAL from probate. Contestant brings error. Reversed.

*Lester A. Tabor* for plaintiff in error. Proponent has the burden of showing that a paper, not clearly testamentary upon its face, was meant to operate as a will: *Thorncroft v. Lashmar* 8 Jur. (N. S.) 595; *In re Cooper* id. 394; *In re Marsden* 1 Swab. & Trist. 542; *Mathews v. Warner* 4 Ves. 186; *Mitchell v. Mitchell* 2 Hagg. 74; *Coventry v. Williams* 3 Curt. 787; *Gage v. Gage* 12 N. H. 381; *Witherspoon v. Witherspoon* 2 McCord 520; a will intended to operate on real estate within another jurisdiction must be executed according to the laws of the jurisdiction where the land lies: *Bovey v. Smith* 1 Vern. 85; *Bowman v. Reeve* Pre. Ch. 557; *Brodie v. Barry* 2 Ves. & B. 131; *Crofton v. Ilsley* 4 Greenl. 138; *Potter v. Titcomb* 22 Me. 303; *Darby v. Mayer* 10 Wh. 468; *Kerr v. Moon* 9 Wh. 565; *United States v. Crosby* 7 Cr. 115; *Robertson v. Barbour* 6 Mon. 527; *Bailey v. Bailey* 8 Ohio 239; *Varner v. Bevil* 17 Ala. 286; *Calloway v. Doe* 1 Blackf. 372; *Cornelison v. Browning* 10 B. Mon. 425; *Irwin's Appeal* 33 Conn. 128; Story Conf. Laws § 474; 4 Kent's Com. 513; Redf. Wills (4th ed.) 398; a will of personal estate must be governed by the laws in force at the testator's domicile: Williams on Executors (6th Am. ed.) 366; *Dupuy v. Wurtz* 53 N. Y. 556; *Moultrie v. Hunt* 23 N. Y. 394; *Enohin v. Wylie* 10 H. L. Cas. 1; *Whicker v. Hume* 7 H. L. Cas. 124; *Bremer v. Freeman* 10 Moore P. C. 306; *Desesbats v. Berquier* 1 Binn. 336; *Grattan v. Appleton* 3 Story 755; *Dixon v. Ramsay* 3 Cr. 319; *Harrison v.*

*Nixon* 9 Pet. 483; *Hyman v. Gaskins* 5 Ired. L. 267; *Parsons v. Lyman* 20 N. Y. 103; *Nat v. Coons* 10 Mo. 543; *Patterson v. Ransom* 55 Ind. 402; 1 Jarm. Wills 12.

*George W. Lawton* for defendant in error. The letter is written in view of death and is testamentary: *Grattan v. Appleton* 3 Story C. C. 755, 1 Wms. Ex. 104; three persons concur in its execution, Young the testator, and Moore and Shellady the witnesses; Moore is not excluded from being a witness because he wrote Young's name: *In re Bailey* 1 Curt. 914 is directly in point: *Smith v. Harris*, 1 Robertson, 262; 1 Wms. Ex. 82; but the will is executed *without* the State and the statute requires two witnesses only when executed *within* the State: 2 Comp. L. §§ 4322, 4326; *High's Appeal* 2 Doug. (Mich.) 515; wills devising lands existed at the common law and no attestation was required; attestation is statutory: *Harwood v. Goodright*, Cowp. 87; 3 Wash. R. P. 426; 1 Sug. Pow. 155; *High's Appeal* 2 Doug. 515: Moore and Shellady are shown to have been with Young in his last sickness, and Moore said he had written Young's will; this was admissible, and they being dead, proof of their hand-writing was sufficient: *Van Vechten v. Paddock*, 5 Johns. 144; *Davies v. Davies*, 9 Q. B. 648; *Anderson v. Welch* 1 Lee 579; *Pate v. Joe* 3 J. J. Marsh. (Ky.) 113; *LeGrange v. LeGrange* 19 Johns. 388.

CAMPBELL, J. This case comes up to review the action of the circuit court for the county of Van Buren, allowing an instrument as the last will of one James Young, who died in Iowa in January, 1851, while on his way to a place in which he intended to settle.

The document was not in the form of a will, but is a letter purporting to be written by the decedent,—not in person but as signed "James Young, by Robert B. Moore." After giving some personal news a paragraph occurs in these words: "I want the proceeds of my estate to go to Robert and Elizabeth Gibson." It is this paragraph which is claimed to have operated as a will. There is nothing else having any such appearance, unless it is the signature of another person in this form: "Attest, J. E. Shellady."

Shellady and Moore are both dead, and there was no testimony whatever as to the circumstances attending the execution of the paper. The court below held it might be inferred that it was meant to be a will, and was executed at Young's request by Moore in his presence, and attested in his presence. The court also found that there was but one attesting witness, but that being executed beyond the State one witness was enough.

This was set up as a will of land, and the parties interested are only interested in it as such. There is no statute that has been brought to our notice that authorizes a will of lands to be executed without two witnesses, except in the single case of a will probated elsewhere and established here on such probate. Comp. L. § 4342. Whether it can be allowable to regard this provision as broad enough to authorize an original probate here of a will executed according to the laws of another jurisdiction we need not consider, as there is nothing to show this would have been a good execution in Iowa. There is no common-law power to devise lands, and the whole subject is governed by statute. The paper, therefore, is not entitled to probate, whether intended as a will or not. As this defect is one which cannot be remedied, we need not refer to the other difficulties apparent on the record, which is deficient in almost every essential particular of proof.

The document being invalid for any legal purpose, the court below should have refused probate. Upon the finding we must hold that the conclusion of law should have been against the validity of the instrument and in favor of the party resisting probate.

The judgment below in the circuit and probate courts must be reversed and held for naught, and judgment rendered that the instrument cannot be admitted to probate, and it must be so certified. The appellant is entitled to costs of all the courts, against the proponent, as there is no estate in course of probate to be administered.

The other Justices concurred.