## MANLEY'S EXECUTOR *v.* MIRIAM A. STAPLES.

*Testamentary capacity. Guardian of insane person. Res adjudicata.*

A decree of the Probate Court denying an application for the appointment of a guardian of an insane person is not an adjudication that such person has then sufficient testamentary capacity, but that question may be raised upon the probate of the will by the same person who made the application which was denied.

This was an appeal from a decree of the Probate Court, admitting to probate the will of Madison S. Manley. Trial by jury at the March Term, 1889, Ross, J., presiding. Exceptions by the contestant.

It appeared that the contestant had applied to the Probate Court for the appointment of a guardian for the testator, on the ground that he was an insane person; and that this application had been, after a full hearing, denied, Dec. 10, 1887. Shortly after this the will was made, and the evidence of the contestant showed that there had been no change in the mental condition of the testator between that date and the making of the will. The court held *pro forma* that the contestant was estopped by that decree from showing that the testator had not then sufficient testamentary capacity, withdrew the case from the jury, and certified the exceptions to the Supreme Court.

*Butler & Moloney* and *C. H. Joyce,* for the contestant.

The statute leaves it discretionary with the Probate Court whether it will appoint a guardian, and does not make the appointment absolutely dependent upon the question of mental capacity. Hence the refusal to appoint does not necessarily determine that question. An appointment would not be conclusive against the capacity of the ward to make a will; nor would the converse be true. *Abbott* v. *Dunton,* 44 Vt. 546; *Gates* v. *Gorham,* 5 Vt. 317; *Clark* v. *Harrington,* 4 Vt. 69; *Stewart*

v. *Martin*, 16 Vt. 397 ; *Newbury* v. *C. & P. R. R. Co.*, 25 Vt. 377 ; *Riker* v. *Hooper*, 35 Vt. 457 ; *Davenport* v. *Hubbard*, 46 Vt. 229 ; *Exr. Robinson* v. *Robinson*, 39 Vt. 267 ; 1 Jar. Wills, 73 ; 43 Vt. 628 ; Freeman Judgt. 252, 259 ; *Benton* v. *Barlow's Est.*, 55 Vt. 434.

*J. C. Baker* and *D. E. Nicholson*, for the proponent.

It was the duty of the Probate Court to appoint a guardian if Manley was an insane person, and to refuse to appoint if he was not. R. L. s 2436 ; *Cleveland* v. *Hopkins*, 2 Aiken, 394; *Holden* v. *Scanlin*, 30 Vt. 177.

Within its statutory sphere the decrees of that court are conclusive. *Rix* v. *Smith*, 8 Vt. 365; *Sparhawk* v. *Buell*, 9 Vt. 41; *Probate Court* v. *Van Duzer*, 13 Vt. 135 ; *Bennett* v. *Camp*, 54 Vt. 36.

When a fact or right has been once judicially tried and determined, the decision is conclusive upon the parties. *Grimes* v. *Palmer*, 4 Mass. 147 ; *Merriam* v. *Whittemore*, 5 Gray, 316 ; *Sawyer* v. *Woodbury*, 7 Gray, 499 ; *Jennison* v. *West Springfield*, 13 ·Gray, 544 ; *Morse* v. *Elms*, 131 Mass. 151 ; *Mussey* v. *White*, 58 Vt. 45 ; *Stout* v. *Lye*, 103 U. S. 66 ; *Danaher* v. *Prentiss*, 22 Wis. 311 ; *Parkhurst* v. *Sumner*, 23 Vt. 538; *Spencer* v. *Dearth*, 43 Vt. 98 ; *Brown* v. *The Mayor*, 66 N. Y. 385.

It requires less capacity to make a will than a contract. *Converse* v. *Converse*, 21 Vt. 168 ; *Thornton* v. *Thornton*, 39 Vt. 122.

The opinion of the court was delivered by

ROWELL, J. · This is an appeal from the probate of a testamentary writing as the last will and testament of Madison S. Manley. The exceptions show that the · contestant, who is a daughter of the testator, filed several pleas, which were replied to ; but the pleadings are lost, and we do not know what they were, except that it is conceded that one of the pleas set up want of testamentary capacity. The proponent claims, but it is not conceded, that to this plea he replied by way of estoppel the decree

of the Probate Court hereinafter mentioned, and that the replication was traversed. But as it is uncertain just what issue was formed by the pleadings, and as it seems to have been the purpose below to send the case here for decision on the merits of the question that has been argued, we decide it accordingly.

The statute provides that the Probate Court may appoint guardians of insane persons on application of a relative or friend of such person, representing to the court that such person is insane and incapable of taking care of himself, and praying that a guardian be appointed. R. L. 2436.

The contestant made such an application for the appointment of a guardian of her father, which, after full hearing, was dismissed a short time before the making of this will, and the question is, whether that decree concludes the contestant from showing that before and at the time of its rendition the testator was of unsound mind and incapable of making the will, it being conceded that there was no change in his mental condition after the making of the decree and before the making of the will.

In order to make the decree conclusive, if otherwise it would be, it must appear that the matter here involved, namely, the testamentary capacity of the testator, was necessarily there involved and decided.

The fact that one is under guardianship as an insane person is not conclusive *against* his capacity to make a will while the guardianship continues. *Robinson's Exr.* v. *Robinson,* 39 Vt. 267. But it does not follow from this that the dismissal on the merits of an application for the appointment of a guardian of one as an insane person is conclusive in *favor* of his capacity to make a will. This is manifest when we consider the reasons for the decision in the case referred to.

The ground of appointing a guardian of a person as insane is, that by reason of mental weakness or distraction, or both, he is incapable of taking care of himself, and the object of it is to secure proper care of his person and property. *Robinson's Executor* v. *Robinson,* above cited. It follows, therefore, that to refuse the appointment of a guardian of a person as insane, is

an adjudication that he is not in such mental condition aforesaid as to be incapable of taking care of himself. It is not necessarily an adjudication that he is not insane at all; but only that he is not insane in a respect nor to an extent that renders him incapable of taking care of himself.

Insanity differs in kind and character as well as in extent and degree.

A man may be insane on some subjects and not on others. He may be insane on one subject and sane on all others. His insanity may be of such a character and run along such a line as in no wise to affect his capacity to take care of himself and his property. The insanity last, mentioned would not warrant the appointment of a guardian over him, as it would not constitute the statutory cause for the appointment; and yet it might consist of such a delusion in respect of a disinherited child as to defeat a will that was the direct offspring of the partial insanity. It seems clear, therefore, that the question here involved was not necessarily involved in the proceedings before the Probate Court, and that its decree is not conclusive in the respect claimed.

*Judgment reversed and cause remanded.*