E. B. ALLEN *et al.*, Executors, Appellants, v. MARIA J. SEAWARD, Appellee.[*]

1. **Costs**: RETAXATION: JUDGMENT. The failure to appeal from a judgment against one for costs will not deprive such party of the right to a retaxation of said costs upon application therefor, notwithstanding said judgment has been affirmed in the supreme court upon the appeal of the opposite party.

[*]The former opinion in this case was withdrawn from the files by the court, and for that reason is not published in these reports. It will be found under the title *In re Carman's Will*, in 48 N. W. Rep. 985.—Reporter.

2. ———: PROBATE OF WILL: LIABILITY. Where the probate of a will was contested upon the alleged grounds of undue influence, and of the mental incapacity of the testator to execute the same, and upon a trial to a jury the will was found to be invalid, *held*, that the costs of such proceeding should be taxed to the proponent.

*Appeal from Jackson District Court.*—HON. WM. F. BRANNAN, Judge.

## FRIDAY, MAY 27, 1892.

THIS is an appeal from an order sustaining a demurrer to a petition for a retaxation of costs in a contest as to the validity of an instrument purporting to be the last will and testament of Juliette Carman, deceased. The effect of the decision of the district court was that the costs were properly taxed to the estate of Juliette Carman. The plaintiffs, who are executors of the estate, claim that the costs should be taxed to Maria J. Seaward, who was unsuccessful in the case in which the costs accrued. The plaintiffs appeal. *Reversed.*

*D. A. Wynkoop*, for appellants.

*Ellis & McCoy*, for appellees.

ROTHROCK, J.—The appeal in this case stands upon a petition for rehearing. An opinion was filed affirming the judgment of the district court, and the cause was again argued upon a rehearing, and, upon a review of the whole record, we have arrived at a different conclusion from that announced upon the original submission.

Juliette Carman made and executed what purported to be her last will and testament on the twenty-fifth day of April, 1887. The instrument was prepared by Hon. John Hilsinger, at Sabula. At the request of Mrs. Carman, the will was deposited in the safe of Hilsinger, to be kept by him until her death. Hilsin-

ger was named in the will as executor. After the death of Mrs. Carman, Hilsinger sent the will to the clerk of the district court by mail. He did not at any time qualify as executor, and took no part as a party to the contest of the will. Mrs. Carman left surviving her, as her only heirs, the defendant, Maria J. Seaward and Charles P. Carman, a son and daughter. The said will, when presented for probate, was proposed by Maria J. Seaward, who instituted and maintained the proceeding by which it was sought to establish and prove the will to be the last will and testament of her mother, Juliette Carman. C. P. Carman resisted the probate of the will, and claimed that said will was not valid, because it was procured by undue influence, and on the further ground that at the time it was executed the said Juliette Carman was not possessed of sufficient mental capacity to make a valid disposition of her property. The cause was fully tried to a jury, and a verdict was returned, by which the will was found to be invalid. Judgment was entered on the verdict, and Maria J. Seaward appealed to this court, and the judgment of the district court was affirmed. See *Seaward v. Carman*, 78 Iowa, 707.

After the judgment was entered in the district court, and in vacation, the clerk of the court being in doubt as to whom the costs of the case should be taxed, the judge who tried the case directed him to tax the costs of the trial to the estate of Juliette Carman, which was done. Afterwards another will was duly probated as the last will and testament of Juliette Carman, and the plaintiffs herein were appointed executors. When it was discovered that the costs had been taxed to the estate, the executors made application in the form of a petition to retax the costs, and tax them to the proponent, Maria J. Seaward. A demurrer to the petition to retax costs was sustained, and from the ruling on the demurrer the plaintiffs appeal.

I.   It is claimed in behalf of the appellee that the judgment for costs and the adjudication setting aside 1. Costs: retaxation: judgment. the will is an entirety, and that having been appealed to this court, the whole judgment has been fully adjudicated, and that the plaintiffs acquiesced in the taxation of the costs, because they did not appeal therefrom.   It appears to us that these grounds of objection can not be sustained.   If costs are erroneously taxed, it is the duty of the party against whom they are taxed to apply to the court for a retaxation, and, if aggrieved at the ruling on an application to retax, he may have the question reviewed in this court.   This course must be pursued, under the familiar rule that a party will not be heard in this court until his grievance has been presented to and acted upon by the court below.   Again, there was no executor of the estate at the time the costs were taxed, and it was the right and duty of the executors, when appointed and qualified, to act for the estate.   In our opinion, there is no barrier in the way of a determination of the rightfulness of the taxation of the costs against the estate.

II.   It is provided by section 2933 of the Code, that "costs shall be recovered by the successful against 2. ——: probate of will: liability. the losing party."   This is the general rule.   In the contest of the alleged will, Maria J. Seaward was the proponent and C. P. Carman was the contestant, or, in other words, the one was in reality the plaintiff, and the other the defendant.   Maria J. Seaward did not act in the capacity of executor, and she sustained no trust relation to the estate.   The trial was really a contest between the two as to whether Maria J. Seaward should have practically the whole of the estate.   It was as much a purely personal contest between the parties as if each had been claiming title to the property by some other right than by will or descent.   In such cases the rule appears to be that the

costs should be taxed to the losing party. *Gibson v. Van Sickle*, 47 Mich. 439; 11 N. W. Rep. 261; *Koppenhaffe v. Isaacs*, 7 Watts, 170; *Piper v. Heatherington*, 32 Miss. 306; *Whitworth v. Ferguson*, 18 La Ann. 603. In *Meeker v. Meeker*, 74 Iowa, 352, it was held that where an executor in good faith attempts to probate a will, and fails, he should not be personally liable for costs. In such a case, he acts in a trust capacity, and has a duty to perform, in attempting to execute what appears to be the will of the deceased. Not so where the heirs, for themselves and in their own behalf, contend at law for the property of their ancestor. Their rights should be determined by the general statute in regard to costs. REVERSED.