ELISHA C. SLY *vs.* JOHN HUNT, executor.

Bristol.   March 7, 1893. — May 19, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Evidence — Res Judicata — Record.*

In an action of contract to recover for services rendered to the defendant's testa-
tor, the physical condition of the testator during a certain period within which
his last will had been made was in issue. The record of the probate of the
will, which had been contested in the Supreme Judicial Court between the
present plaintiff and defendant, on the ground that the testator was not of
sound and disposing mind and memory at the time of signing the will, was
admitted in evidence without objection. *Held,* that a ruling that the record
of the case was conclusive, as between the plaintiff and defendant, and that the
testator at the time of making the will was of sound and disposing mind and
memory, so far as making a will was concerned, was correct.

CONTRACT, to recover for services rendered by the plaintiff to
the defendant's testatrix, Mary C. Wilmarth, from April 1, 1883,
to July 1, 1887. In the course of the trial, the physical condition
of the testatrix being an issue in the case, the plaintiff introduced
evidence tending to show that from about 1885 to October, 1886,
when the testatrix made her will, and afterwards, her mental
as well as physical faculties had materially deteriorated. The
defendant put in evidence without objection the record of the
probate of her will, which had been contested by the plaintiff
in the Supreme Judicial Court and tried by a jury. It appeared

from this record that the jury had found that the testatrix was of sound and disposing mind and memory at the time of making the will. At the close of the charge to the jury, at the request of the defendant's counsel, the court instructed the jury as follows:

" The condition of the person when she made the will has been tried between this plaintiff and this defendant, that is, the matter of the condition of her mind, and when a matter has been tried it is settled, that is, the question of her sanity; her competency to make a will has been settled by the jury in the trial of that will case. The verdict of the jury that she was at the time of making the will of sound and disposing mind and memory so far as making a will is concerned has been disposed of, and that inquiry is not open in this case. So far as executing the will and being of proper mind and free from undue influence are matters which have been settled."

The jury returned a verdict for the defendant; and the plaintiff alleged exceptions.

*J. Brown & R. C. Brown*, for the plaintiff.

*H. J. Fuller*, for the defendant.

LATHROP, J. The physical condition of Mrs. Wilmarth from 1885 down to the time of making her will, in October, 1886, and afterwards, was an issue in this case. The defendant put in evidence, without objection, the record of the probate of her will, which had been contested by the plaintiff, and tried by a jury. It appeared from this record that the jury found that Mrs. Wilmarth was of sound and disposing mind and memory at the time of signing the will. The judge ruled, in effect, that the record of the case was conclusive, as between the plaintiff and the defendant, that Mrs. Wilmarth was at the time of making the will of sound and disposing mind and memory, so far as making a will was concerned. The correctness of this ruling is the only question open on this exception.

In *Brigham* v. *Fayerweather*, 140 Mass. 411, the executor of the will of Azubah Brigham brought a bill in equity to have a mortgage deed executed by said Azubah on June 15, 1882, declared void on the ground that he was not of sufficient mental capacity to execute the deed. The defendant offered in evidence the probate of the will of Azubah, executed by him on October 11, 1882, with evidence that his mental capacity was no less on

June 15, 1882, than on October 11, 1882. This evidence was excluded; and this court held that it was rightly excluded.

That case differs from the one at bar in this particular. The defendants in that case were not parties to the probate of the will, in the sense that they were entitled to be heard or to take an appeal. In the case at bar, the plaintiff and the defendant were parties to the proceeding in the Probate Court.

The question how far a verdict and judgment are conclusive between the parties and their privies was considered at length by this court in *Burlen* v. *Shannon*, 99 Mass. 200. Mr. Justice Foster, in delivering the opinion of the court, states the rule thus: " A verdict and judgment are conclusive by way of estoppel only as to those facts which were necessarily involved in them, without the existence and proof or admission of which such a verdict and judgment could not have been rendered. An estoppel is an admission or determination under circumstances of such solemnity that the law will not allow the fact so admitted or established to be afterwards drawn in question between the same parties or their privies. . . . When a fact has been once determined in the course of a judicial proceeding, and a final judgment has been rendered in accordance therewith, it cannot be again litigated between the same parties without virtually impeaching the correctness of the former decision, which from motives of public policy the law does not permit to be done. The estoppel is not confined to the judgment, but extends to all facts involved in it as necessary steps or the groundwork upon which it must have been founded." 99 Mass. 203. See also *Morse* v. *Elms*, 131 Mass. 151, 152; *Barrs* v. *Jackson*, 1 Phil. Ch. 582, reversing *S. C.* 1 Y. & C. Ch. 585; *Doglioni* v. *Crispin*, L. R. 1 H. L. 301, 311, 314; *Spencer* v. *Williams*, L. R. 2 P. & D. 230; *Trafford* v. *Blanc*, 36 Ch. D. 600.

In *Caujolle* v. *Ferrié*, 13 Wall. 465, a bill in equity was filed in the Circuit Court of the United States for the District of New York, by persons alleging themselves to be the next of kin of a person deceased, and asking for distribution of the estate. The defendant was the administrator of the estate, appointed by the surrogate of the county of New York, on the ground that he was the legitimate son and sole next of kin of the intestate. This issue had been tried by the surrogate, and the plaintiffs were

parties to the proceeding.   It was held by the Supreme Court of the United States that the adjudication in the surrogate's court was a bar to the bill in equity.

In the case at bar the groundwork of the admission of the will to probate was the adjudication that the testatrix was of sound and disposing mind and memory at the time of the signing of the will, so far as making a will was concerned.   As this was within the time when the plaintiff contended that the mental and physical faculties of Mrs. Wilmarth had materially deteriorated, and as the plaintiff was a party to the proceedings in the Probate Court, we are of opinion that the ruling, which was carefully guarded, was right.               *Exceptions overruled.*