OSCAR OSTER v. WILLIAM DEVEREAUX, Appellant.

Appeal: FINAL JUDGEMENT: *Location of boundaries.* Under Code, section 4237, providing that in proceedings to establish boundaries, no appeal shall be taken except from a final judgment, an appeal will not lie from an order appointing a commissioner to locate a corner at a certain point, and taxing the costs to date; the same being an interlocutory order.

TAXATION OF COSTS. Under Code, section 4237, providing that in proceedings to establish boundaries an appeal can only be taken from a final judgment, an appeal cannot be taken from an interlocutory order in such proceedings, taxing the costs to date, on the mere ground that it carries the costs.

*Motion to retax essential.* An application to the trial court to retax costs, or to hold the matter of costs in abeyance, is necessary to a review by the appellate court of an order taxing costs in boundary proceedings.

*Appeal from Adams District Court.*—HON. H. M. TOWNER, Judge.

THURSDAY, OCTOBER 10, 1901.

ACTION at law to establish disputed corners and boundaries under section 4228, Code. From a judgment in plaintiff's favor, defendant appeals. Appeal *dismissed.*

*W. O. Mitchell* for appellant.

*Davis & Wells* for appellee.

WATERMAN, J.—Appellee insists that the appeal should be dismissed because only an interlocutory judgment was rendered in the case, and under section 4237, Code, an appeal in actions of this character will lie only from final judgment. The court appointed a commissioner, who before the next term was to locate the corner at the at the center of section 9-72-35 W., within whose boundaries the lands of the respective parties lie; also the half mile corner on the north line of said section, and the one-fourth mile corner between said points. The costs of the action to that date were taxed to plaintiff. From this judgment or order the appeal is taken.

The Code section referred to, which is found in the chapter relating to these proceedings, is in part as follows: "There

shall be no appeal in such proceeding, except from final judgment of the court. * * *" Final judgment is rendered on the report of the commissioner. The finding from which this appeal is taken is, as claimed by appellee, a mere interlocutory order. It may transpire, on the report of the commissioner being made, that appellant has no ground for complaint as to the location of the corners, for that official may find them to be where appellant claims they are.

The fact that the court taxed costs up to the date of its finding to appellant does not give a right of appeal at this time, in the face of the statute, which evidently contemplates that any error in the proceeding shall be corrected on appeal from the final judgment. Furthermore, no application seems to have been made to the trial court to retax or hold in abeyance the matter of costs and this was a step necessary to be taken by the party aggrieved before an appeal could be had on this ground. See *Allen v. Seaward,* 86 Iowa, 718.

The appeal must be DISMISSED.