W. H. BEEBE, ET AL., Appellants, v. NILES A. McFAUL, ET AL., Appellees.

**Wills:** WAIVER OF OBJECTION TO ORDER OF COURT. Any error in requiring
1  the proponents of a will to state whether they adopted as a part of the will certain provisions contained in a separate memorandum book referred to by the testator, was waived by an amendment to their petition asking that such provision be considered part of the will.

**Burden of proof of execution.** 'Where the execution of a will is
2  denied, the burden of proof is upon the proponents to establish the genuineness of the signature by a preponderance of the evidence given upon the whole case.

**Will contest:** COSTS. The proponents of a will having a direct interest
3  therein, who present the same with a petition to set aside the order admitting to probate without protest a former will, should be taxed with the costs of trial when their claims are without merit.

*Appeal from Woodbury District Court.*— HON. G. W. WAKEFIELD, Judge.

TUESDAY, NOVEMBER 15, 1904.

PROCEEDINGS for the probate of an instrument purporting to be the last will of Christian Jacobson, an unmarried man, about 70 years of age, who died February 6, 1901,

in Woodbury county, leaving no heirs, so far as known. On March 19, 1901, an instrument purporting to be the last will of said Jacobson was admitted to probate in said county, without contest, and the defendants in this proceeding, Niles A. McFaul and D. S. Lewis, were appointed executors thereof. In December, 1901, these plaintiffs, W. H. Beebe, and Alice Hisler, appeared and filed in said probate proceedings a petition praying that the order of probate so formerly made be set aside, and alleging that on February 4, 1901, said Jacobson executed a last will revoking all former wills, including the one admitted to probate. It appears that such later instrument was produced and filed December 10, 1901, by one T. A. Kinney, and said petitioners are named therein as legatees. The defendants answered, and there was a trial to a jury, resulting in verdict and judgment for defendants. Petitioners appeal.—*Affirmed.*

*M. J. Sweeley, A. J. Pritchard,* and *J. S. Lothrop,* for appellants.

*C. A. Dickson* and *Marks & Mold,* for appellee.

Bishop, J.— I. Omitting the prefatory clause, the instrument now produced reads as follows: " I want all the bequests I had T. A. Kinney to write in his little red-backed book to be paid first, including the pallbearers, and all honest debts. * * * All the balance of my property to be divided equally between the following named parties, to-wit: " [Then follow the names of about one hundred persons, including the names of plaintiffs.] Nothing corresponding to a " little red-backed book " was filed with the alleged will, and, on motion of defendants, a rule issued requiring petitioners and T. A. Kinney to produce and file such book. In response thereto, Kinney produced and filed a red-backed book, said to be the one referred to in the instrument filed. Thereupon defendants moved that petitioners be required to state whether

1. WAIVER OF OBJECTION TO ORDER OF COURT.

they adopted said book as a part of the will sought to be probated, and were asking to have the same probated as part of such will. This motion was sustained, and petitioners took exception thereto, and they now complain of such ruling. As it appears that the petitioners at once filed an amendment to their petition, in which it is said: "That the red-backed book so filed is the one referred to in said last will, and the one mentioned in the plaintiff's petition. Plaintiffs ask that the directions, bequests, and devises contained in said red-backed book be considered as a part of said last will of the decedent, Christian Jacobson "— the contention for error in the ruling of the court is without merit. If error there was, it was waived.

II. One of the grounds of defense presented was that the instrument now offered was never in fact executed by the decedent; that what purports to be his signature thereto was and is a forgery. On the trial there was 2. BURDEN OF PROOF OF EXE-testimony introduced by each of the parties CUTION. having relation to the subject. By the instructions the court told the jury, in substance, that the allegations as to the execution of the instrument offered having been denied by the defendants, the burden was upon 'the petitioners to prove such allegations by a preponderance of the evidence, so far as the same relates to the signing of such instrument. The petitioners contend for error in such instructions. We think there was none. Clearly there could be no such thing as a finding in favor of the due execution of the instrument proposed, in the face of a preponderance of the evidence dictating a contrary result. While the evidence of the alleged subscribing witnesses whose names were attached to the instrument would be sufficient to make out a *prima facie* case, yet it was for the petitioners to substantiate their allegations by a preponderance of the evidence given upon the whole case. *In re Hull's Will*, 117 Iowa, 738.

III. A further defense to the probate of the instru-

ment produced was that at the time of the alleged execution thereof the said Jacobson was not possessed of a disposing mind and memory. The issue thus made up was fairly presented to the jury, and the finding was with the defendants. We cannot undertake to review the testimony. It is sufficient to say that the verdict has ample support. The jury may well have found that Jacobson was in a dying condition at the time the instrument is said to have been executed, and that, owing to the character of his disease and the medicines administered, he was in a state of partial consciousness only. Indeed, the provisions of the instrument itself are such as to suggest grave doubts as to the *compos mentis* of the testator. We think the finding of the jury should not be disturbed.

IV. Many errors are assigned, addressed to rulings upon the introduction of evidence, to requests for instructions refused, and to instructions given. We cannot take up the assignments in detail. We have examined the record with respect to each thereof, and find no prejudicial error.

V. The petitioners moved that the costs of the trial be taxed to the estate, and such motion was overruled. Of this the petitioners have no right to complain. They came in as interested parties asking on their own behalf for the probate of the alleged will, and to the end that, as beneficiaries named in the instrument, they might share in the distribution of the estate. Their claims were adjudged to be without merit, and, as the losing parties, it is for them to pay the costs. This is the rule of the statute, and is in accord with our former holdings. *Allen v. Seaward,* 86 Iowa, 718; *In re Nicholson's Will,* 123 Iowa, 630.

3. WILL CONTEST: costs.

The motion of appellees to dismiss the appeal is overruled, and on the merits of the case the judgment is *affirmed.*