IN THE MATTER OF THE ESTATE OF HANNAH HENDERSHOTT, deceased, C. M. GRUWELL, Preponent of the will, Appellant, v. W. J. HENDERSHOTT ET AL., Contestants.

**Wills:** CONTEST: CAPACITY: EVIDENCE. The pleadings and decree in a suit by one as guardian of decedent against the proponent of her will cancelling certain contracts made by decedent at about the time of executing the will, on the ground of mutual incapacity, are admissible in a contest of the will on the issue of testamentary capacity, contestants being privies to the adjudication and proponent estopped to question the same.

**Order of proof:** DISCRETION: HARMLESS ERROR. The order of introduction of evidence is largely discretionary, and although the court excluded a purported revocation of the will in contest when offered as a part of contestant's evidence in chief, but admitted it in rebuttal, the rights of proponents are held not to have been prejudiced thereby, especially as they did not ask leave to introduce further evidence.

**Will contests:** TAXATION OF COSTS. The costs of a will contest, where the proponent is claiming the estate under the will and contestants as heirs at law and next of kin, should be taxed to the unsuccessful party under the general rule.

*Appeal from Cedar District Court.*— HON. G. THOMPSON, Judge.

FRIDAY, MAY 17, 1907.

PROCEEDINGS for the probate of a will, contested by the heirs at law of testatrix, on the grounds that she was of unsound mind when said will was executed; that said will was procured by the undue influence of proponent, who was named as the beneficiary; that said will was subsequently revoked. The jury found that the will offered for probate was not the valid will of deceased, and judgment was entered for contestants. The proponent appeals.— *Affirmed.*

*G. C. Hoover* and *Wright, Leech & Wright,* for appellant.

*Henry Negus* and *Baker & Ball,* for appellees.

McClain, J.— I.   Contestants offered in evidence the pleadings and decree in a proceeding by Robert B. Smith as guardian of Hannah Hendershott against C. M. Gruwell,

1. Wills: contest: capacity: evidence.

the proponent in this case, to have canceled certain assignments of notes by her to said Gruwell, on the ground that said assignments were fraudulently procured; and, further, to have canceled and set aside on the same ground a certain contract between Hannah Hendershott and said Gruwell by which she agreed to make the will in his favor, which is offered for probate in this proceeding, in consideration of care to be rendered and conditions performed by said Gruwell.   Proponent's objections to the introduction in evidence of these pleadings, on the general ground that they were incompetent, irrelevant, and immaterial, and of the decree on the further ground that it in no way affected the parties in the case, were overruled.   If the decree was admissible the pleadings in the case in which the decree was rendered were also admissible, as showing the force and effect of the decree.   In this decree the court found that Hannah Hendershott was of unsound mind and incompetent to execute a contract at the time said alleged contract was executed and said alleged assignments were made, and ordered that said contracts and assignments be set aside and cancelled.   By the allegations of the pleadings under which the decree was entered, and by the other evidence introduced in this case, it was made to appear that the assignments and contract were executed at about the same time as the will, probate of which is proposed in the present case, and as parts of a general plan to convey, devise, and bequeath all of testatrix's property to this proponent; and, if she had not sufficient capacity to make the assignments and exe-

cute the contract, she was not capable of making a valid will. If, then, the contestants of his will are privies to the adjudication in the action by the guardian, this proponent, who is asking to have the will probated for his benefit, cannot say that the decree in no way affects him, for it directly relates to the capacity of testatrix to execute the will. It cannot be doubted that, if testatrix herself during her lifetime had brought the action which was brought by her guardian, and this decree had been entered in such action, the finding would have been competent evidence against this proponent, as to her capacity to make the will. The proceeding in behalf of testatrix by her guardian was in law a proceeding instituted by her, for the guardian conclusively represented her. 1 Hermann, Estoppel, 377. The contestants, claiming interests in the estate of Hannah Hendershott as heirs at law and next of kin, are privy, therefore, to the adjudication, and proponent, who was defendant in that proceeding, cannot question the conclusion of the court expressed as an essential finding in that decree that Hannah Hendershott had not mental capacity to make the contract. That finding was admissible in evidence against proponent, on the question of the capacity of testatrix to make the will. As tending to support this conclusion, see *Sly v. Hunt,* 159 Mass. 151 (34 N. E. 187, 21 L. R. A. 680, 38 Am. St. Rep. 403); *Manley's Ex'r. v. Staples,* 62 Vt. 153 (19 Atl. 983, 8 L. R. A. 707). The decree and pleadings were therefore properly received in evidence.

II. Complaint is made of the action of the trial court in admitting what was claimed to be a revocation of the will, when offered by contestants in rebuttal, although it had been **2. ORDER OF PROOF: discretion: harmless error.** excluded when first offered by them as a part of their evidence in chief. The order of introduction of evidence is largely in the court's discretion. It may be that when first offered so strong a case of mental incapacity continuing from a time prior to the making of the will up to testatrix's death had

been made out that the court could not properly assume that testatrix had capacity to execute a valid revocation; but that, after the evidence for proponent had been introduced, there was a question as to capacity which could properly be submitted to the jury. No complaint is made as to the instructions on the subject, and we assume that the question was properly submitted. No prejudice to proponent appears, for he did not ask an opportunity to introduce further evidence, and simply reasserted the objection made when the instrument of revocation was offered in chief.

III. The costs were properly taxed to proponent. The trial was simply a contest between proponent, claiming the estate of deceased under the will, and contestants, claiming it as heirs at law and next of kin; and the costs were properly taxed to the unsuccessful party, under the general rule. See Code, section 3853; *Allen v. Seaward,* 86 Iowa, 718; *In re Nicholson's Will,* 123 Iowa, 630; *Beebe v. McFaul,* 125 Iowa, 514.

3. WILL CONTESTS: taxation of costs.

The judgment of the lower court is correct, and it is *affirmed.*