

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Davis, M. D.
State Registrar
State Board of Health
Austin, Texas

Dear Sir:

Opinion No. O-3072
Re: Duty of State Registrar to
accept for filing records
of delayed registration of
birth when accompanied by
order of county judge bear-
ing stamped signature, or,
when accompanied by order
of some other official.

This is in further reference to your letter of
January 22, 1941, regarding your authority to accept for
filing the record of a birth "not previously registered"
(under the provisions of H. B. 614, Acts 1939, 46th Legis-
lature, Rule 51A, Vernon's Annotated Civil Statutes) when,

"(1) * * * the order of the Probate Court
is signed by the County Clerk or by the Deputy
County Clerk.

"(2) When the name of the County Judge is
placed on the order with a stamp.

"(3) When signed by a deputy or clerk in
the County Judge's office."

We appreciate your responding to our request of
January 28, 1941, for additional information by supplying
us with the records in your hands which are the subject of
inquiry. These are returned herewith.

The particular paragraph of H. B. 614, Acts 1939,
Forty-sixth Legislature, involved, reads as follows:

"And provided further, that any citizen
of the State of Texas wishing to file the rec-

ord of any birth or death, not previously reg-
istered, may submit to the Probate Court in the
county where the birth or death occured, a rec-
ord of that birth or death written on the adopted
forms of birth and death certificates. The cer-
tificate shall be substantiated by the affidavit
of the medical attendant present at the time of
the birth, or in case of death, the affidavit of
the physician last in attendance upon the deceased,
or the undertaker who buried the body. When the
affidavit of the medical attendant or undertaker
cannot be secured, the certificate shall be sup-
ported by the affidavit of some person who was
acquainted with the facts surrounding the birth
or death, at the time the birth or death occured,
with a second affidavit of some person who is
acquainted with the facts surrounding the birth
or death and who is not related to the individual
by blood or marriage. The Probate Court shall
require such other information or evidence as
may be deemed necessary to establish the citizen-
ship of the individual filing the certificate,
and the truthfulness of the statements made in
that record, The Clerk of the said Court shall
forward the certificate to the State Bureau of
Vital Statistics with an order from the court
to the State Registrar that the record be, or
be not, accepted. The State Registrar is author-
ized to accept the certificate when verified in
the above manner, and shall issue certified
copies of such records as provided for in Sec-
tion 21 of this Act. Such certified copies shall
be prima facie evidence in all Courts and places
of the facts stated thereon. The State Bureau
of Vital Statistics shall furnish the forms upon
which such records are filed, and no other form
shall be used for that purpose." (Underscoring
ours)

In Opinions Nos. O-1201, O-1203, and O-1709 we
held that the applications contemplated in the above stat-
ute should be accorded the dignity of probate proceedings,
that the cause should be docketed by the probate clerk and
that all proceedings had in connection therewith should be
entered in the minutes of the probate court.

We held in Opinion No. O-1065 that the county
judge is entitled to a fee of Fifty Cents (50¢) for entering

Honorable W. A. Davis, M. D. Page 3

the order and the county clerk is entitled to a like fee for certifying the order and records to the State Registrar.

We further pointed out in Opinion No. O-1079 that the State Registrar is not authorized to refuse to accept for filing a record of birth which on its face is technically correct.

Let us examine the orders in question in the light of these opinions. They are on forms provided by the Bureau of Vital Statistics and provide as follows:

1.

"STATE OF TEXAS
COUNTY OF BASTROP

THE BIRTH CERTIFICATE OF Horace Herman Yett, attached hereto, was submitted to this Court, as provided for in H. B. No. 614, 46th Leg., R. S. 1939.

It is the order of this Court that this record BE ACCEPTED by the State Registrar for filing in the State Bureau of Vital Statistics.

Signature (Signed) Tignal Jones, Co. Clerk
Date January 27, 1941.      Of Bastrop County."

2.

"* * *

Signature (Typed) Floyd Mitchell, County Clerk.
Of McLennan County.
By (Signed) G. W. McNamara, Deputy.
Date January 27th, 1941."

3.

"* * *

Signature (Stamped) Geo. W. Harwood, Co. Judge.
(Signed) Chester Watson, Deputy
Date 1-24 1941.      of Dallas County."

Honorable W. A. Davis, M. D. Page 4

4.

> "* * *
>
> Signature (Stamped) J. E. Abernathy, Co.Judge
> Of Collin County."
>
> Date Jan. 23, 1941.

    The statute provides that "the Clerk of the said Court shall forward the certificate to the State Bureau of Vital Statistics with an order from the court to the State Registrar that the record be, or be not, accepted." We have pointed out that all proceedings under H. B. No. 614 should be filed, docketed and entered in the minutes. The most feasible means for the clerk to discharge the duty imposed upon him by the statute would be to forward to the State Registrar a certified copy of the county judge's order. Indeed, we have held that he is entitled to fees for such act and it is our opinion that the State Registrar should accept for filing a certificate forwarded him as provided in H. B. No. 614 when it is accompanied by the county clerk's certified copy of an order of the county judge.

    The clerk has not done this in the orders which we have numbered 1 and 2. The first purports not to be the order of the county judge, but the order of the county clerk himself; the second purports to be the order of the County Clerk through his deputy.

    It is our opinion and you are advised that the State Registrar is not authorized to accept for filing records of delayed registration of birth when accompanied by an order of the county clerk or his deputy that they be accepted, and not accompanied by an order (or certified copy thereof) from the county judge. We are not to be understood as holding that the county clerk or his deputy may not forward a certified copy of the order of the county judge. Indeed, we believe this is the correct procedure.

    Order No. 3 bears the stamped signature of the County Judge beneath which is the written signature of a clerk in his office. Order No. 4 bears the stamped signature of the County Judge alone.

The tests the State Registrar should employ in cases of this character should be: Are the records fair on their face and do they appear to come from competent authority? If they are fair on their face and do appear to come from competent authority they should be accepted.

It is well settled that a printed or stamped signature of a judge or court officer issuing an order or writ is a sufficient authentication, fulfilling the requirement of a signature, where such signature has, in effect, been adopted by the issuing officer. 38 A. L. R. 703; Miller v. State (1890-- Signature of prosecuting attorney typed on the indictment), 36 Tex. Crim Rep. 47, 35 S. W. 391; Tenement House Department v. Weil (1912 -- Rubber stamp signature), 76 Misc. 273, 134 N. Y. Supp. 1062; Loughren v. Bonniwell (1904 -- Stencil signature of justice of the peace) 125 Iowa 518, 106 A. St. Rep. 319, 101 N. W. 287; Blades v. Lawrence (1874 -- Judge's signature impressed by clerk), L. R. 9 Q. B. N. S. (Eng.) 374, 43 L. J. Q. B. N. S. 133, 30 L. T. N. S. 378, 22 Week. Rep.; Norwood v. Snell, (1902-- probate order of sale and minutes unsigned by judge) 95 Tex. 582, 68 S. W. 773.

Moreover, while a judge or public official may not delegate discretionary duties, mere mechanical or ministerial duties (such as the act of writing a name) may be delegated to others. Meecham, Public Offices and Officers (1890) Secs. 567-568; Opinion No. O-1507; Opinion No. O-1507-A.

It is therefore our further opinion and you are advised that the State Registrar is authorized to accept for filing records of delayed registrations of birth as provided in H. B. No. 614, supra, when accompanied by orders of the county judge bearing his stamped signature and the written signature of his clerk, or, bearing his stamped signature alone.

APPROVED FEB 4, 1941

ATTORNEY GENERAL OF TEXAS

JDS:LM

ENCLOSURES

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _James D. Smullen_
James D. Smullen
Assistant

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN