### WAXAHACHIE NATIONAL BANK v. THEODORE BIELHARZ.

#### No. 1006. Decided May 6, 1901.

**1. Estoppel—False Representations Not Acted On.**
Unless false representations have been acted on by the party asserting estoppel doing otherwise by reason of them than he would have done but for the representations, they do not effect an estoppel. (P. 496.)

**2. Same—Facts.**
See facts under which false representations were held not to estop because the party complaining did not act upon them to his prejudice. (Pp. 494-497.)

ERROR to the Court of· Civil Appeals for the Fifth District, in an appeal from Ellis County.

The bank sued Bielharz and others, and a judgment in defendants' favor was affirmed by the Court of Civil Appeals on plaintiff's appeal. Writ of error was obtained by appellant against Bielharz only.

*Templeton & Harding,* for plaintiff in error.—Even if the bank is bound by the talk or failure to talk on the part of J. J. Metcalf, its vice-president, the same does not constitute an estoppel under the admitted facts of this case, the rule being that where the second assignment is sought to be placed first by reason of estoppel, there must be intentional deceit or gross negligence, and the party claiming it must have acted upon it, in good faith, to his damage.

*McLaurin & Wozencraft* and *J. C. Smith* for defendant in error.— Appellee Bielharz having entered into his contract with Kroeger, before the bank received its first order from Kroeger, and having proceeded to furnish prepared material for the erection of the El-

lis County courthouse under said contract, and appellant bank having an interest in Bielharz's carrying out of his contract and in the money which would be due for the material Bielharz was furnishing, and Bielharz having no notice of the bank's order, and the bank having represented to Bielharz that there was or would be enough money due from Ellis County to Kroeger to pay Bielharz for his material under his contract with Kroeger, and that if Bielharz would get an order on the courthouse fund from Kroeger it would be good, and this statement having been knowingly, falsely made by the bank for the benefit of the bank, Bielharz having believed the same and acted upon it to his detriment, the bank is estopped to deny that the assignment taken by Bielharz should be paid in preference to any sum due to the bank. Fielding v. Du Bose, 63 Texas, 637; Kempner v. Huddleston, 90 Texas, 182; Guest v. Guest, 74 Texas, 664; Scoby v. Sweatt, 28 Texas, 730.

The assignment of a part of the courthouse fund due to Kroeger under his contract, given by Kroeger to Bielharz on January 7, 1897, for a valuable consideration, was not affected by the payment by appellant bank to Bielharz of the cost of a portion of the stone delivered in pursuance of the agreement under which such assignment was made, such payment having been made by appellant bank to Bielharz under a written agreement that the same should in no way affect the rights of either party or operate to the injury or to the prejudice of the rights of either said bank or Bielharz.

BROWN, ASSOCIATE JUSTICE.—The plaintiff in error brought this suit in the District Court of Ellis County against Theodore Bielharz and a number of other persons not necessary to be mentioned here as their interests are not before the court, in which suit Ellis County was joined for the purpose of settling the priority of right between the claims of the plaintiff in error and the said Bielharz to a balance due from the county of Ellis to one Kroeger for building the courthouse in the said county. The plaintiff in error held an assignment from Kroeger to all of a fund due from the county to him, and Bielharz held an assignment for $2900 out of the same fund which was dated subsequently to the giving of the assignment to the plaintiff in error. The question at issue in this court between the plaintiff in error and Bielharz is, was the Waxahachie National Bank estopped by the facts in this case to assert priority over the claim of Bielharz? The facts found by the Court of Civil Appeals fix the limit of this court's jurisdiction over the case and are as follows:

"Bielharz pleads that the bank is estopped to set up its assignments against him for the reason that it fraudulently concealed from him the existence of its assignments, and, by false representations, induced him to accept an assignment from Kroeger in satisfaction of his claim. Upon this issue, the court found that on January 7, 1897, Bielharz, knowing that Kroeger could not pay his employes and believing him to be insolvent, called upon the bank, knowing that it

held the funds of the county treasurer and also that all checks drawn by Kroeger were upon the bank, and believing that the bank was thoroughly posted in all of Kroeger's matters, and desiring to secure the payment of his debt against Kroeger, and asked the vice-president and business manager of the bank about Kroeger's financial condition and what was the probability of his paying Bielharz's debt, Bielharz at the time informing the bank of his debt and all the facts concerning same; that Bielharz knew nothing of the assignments given by Kroeger to the bank; that said officer of the bank advised Bielharz that there would be and was plenty of money due from the county to Kroeger on the contract for building the courthouse to pay the bank and Bielharz and all other claims against Kroeger for labor done and material furnished on the contract; that he further advised Bielharz that if he could procure an order from Kroeger on the county to be paid out of money coming to Kroeger under the contract, the order would be good; that said officer of the bank did not tell Bielharz of its assignments; that Bielharz, believing and relying on the truth of the statements so made to him, on the same day procured Kroeger to execute and deliver to him a formal assignment of the courthouse fund to the extent of his debt, to wit, the sum of $2900. It further appeared that Kroeger then owed Bielharz a balance of $2127.50 for material used in the construction of said building and that, under his contract with Kroeger, Bielharz was bound to furnish other material of the value of $772.50 which was then on the cars at Waxahachie ready to be delivered, but which Bielharz was unwilling to deliver until he obtained security for his debt. This material was afterwards delivered but was paid for by the bank under an agreement that the transaction should not prejudice the rights of either party. Bielharz having learned of the assignment to the bank, would not deliver the material until he was secured or paid for it and the bank was induced to pay therefor in order to enable Kroeger to complete his contract and thus mature the debt of the county to him. Kroeger was insolvent and the fact was known to the bank at the time the representations were made to Bielharz, and the bank then knew that the assignment to it would exhaust the courthouse fund. At that time Kroeger owned a lot of derricks, machinery, and material of unknown value, situated in the courthouse yards at Waxahachie, which were unincumbered and subject to execution. Before talking with the vice-president of the bank, Bielharz contemplated attaching this property, but it is not shown whether any legal ground for attachment existed. A day or two after the conversation with Bielharz, the bank took a mortgage on said property to secure a note for $2000, which is not involved in this suit, and afterwards realized $850 on a foreclosure of the mortgage."

The case was tried before the district judge, who gave judgment in favor of Bielharz, which was affirmed by the Court of Civil Appeals.

Assuming that the representations of Metcalf, the vice-president

and general manager of the plaintiff in error, were made in the course of his employment so as to bind the bank and were sufficient to create an estoppel, we are of opinion that Bielharz did not rely upon and act on the representations alleged against the bank and that no estoppel arose in his favor.    Big. on Estop., 620; Anderson v. Walker, 93 Texas, 126; McLaren v. Jones, 89 Texas, 131; Railway v. Gordon, 70 Texas, 80.    Mr. Bigelow states the law in these terms: "The rule is well settled that unless the representation of the party to be estopped has also been really acted upon, the other party acting differently, that is to say, from the way he would otherwise have acted, no estoppel arises."    This statement of the law is sufficient upon which to base our examination of the facts of this case, to determine whether or not Bielharz did really act upon the representations of Metcalf and whether any injury resulted to him.

The evidence not only fails to show that Bielharz relied upon and acted on the alleged misrepresentations of the bank, but the court found that before he had changed his attitude towards Kroeger, Bielharz became aware of the existence of the assignment held by the bank, refused to deliver the remainder of the stone called for by his contract, unless he was paid for it at the time of delivery, and, in order to enable Kroeger to carry out his contract with the county, the bank paid Bielharz for the last delivery of stone to Kroeger.    Before Bielharz called upon the bank for information, Kroeger owed him $2127.50 and Bielharz had in his possession ready for delivery stone of the value of $772.50, and after Bielharz delivered the stone to Kroeger, he had in his possession the value of the stone,—therefore had lost nothing by its delivery and Kroeger still owed him the $2127.50, the same as before the representations were made.    It therefore appears affirmatively from the evidence that Bielharz did not act upon the representations of Metcalf and did not carry out the contract which he made upon the faith of such representations, —in fact, repudiated the agreement made in pursuance of that information and acted upon the fact, known to him, that the fund had been assigned by Kroeger to the bank.

It is claimed when Bielharz called upon the bank for information concerning the condition of the fund, he contemplated suing out an attachment against Kroeger and causing it to be levied upon some of his property then on the ground.    But the court found that the evidence does not show that at the time or subsequently thereto, there was any ground for attachment against Kroeger's property.    It is said that a few days after the representations were made, the bank obtained a mortgage from Kroeger upon property situated in that county, thereby depriving Bielharz of the opportunity of enforcing his claim.    The court found that the mortgage was not connected in any way with this transaction and there does not appear to have been any fraud in its procurement.    If procured fairly, it constituted no ground for attachment against Kroeger, and if procured fraudulently, it did not prevent Bielharz from running an attachment upon

the property. When analyzed carefully, these facts, taken in their strongest intendment, in favor of Bielharz, show that an officer of the bank knowingly misrepresented Kroeger's · financial condition, upon which Bielharz did not rely and from which no injury resulted to him. In the case of Anderson v. Walker, cited above, the court said: "It is doubtless true that conduct of the bank is here alleged such as would be sufficient to estop it from denying the truth of its representation, in favor of anyone entitled to rely upon its truth who has been induced, by reliance upon it, to so act or refrain from acting as to place himself in a situation to suffer loss or damage, if the bank were now allowed to show that the statement was false. But, whatever of moral wrong or fraudulent purpose the conduct may have involved, only one who will suffer legal injury if its falsity be now established can assert an estoppel against proof of the truth."

Upon the facts found by the trial judge, the plaintiff bank is entitled to a judgment against the defendant Bielharz establishing the prior right of the bank over Bielharz to the fund in controversy. It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals between the Waxahachie National Bank and Theodore Bielharz be reversed and that judgment here be entered in favor of the said bank against Bielharz that the Waxahachie National Bank is entitled to priority over said Bielharz in the payment of the balance of the fund due from Ellis County to Kroeger. It is further ordered that the Waxahachie National Bank recover from Theodore Bielharz all costs of this court and all costs accruing in the District Court and the Court of Civil Appeals as between the said bank and Bielharz.

*Reversed and rendered for plaintiff in error.*