WILSON et ux. v. ALEXANDER et al. *

No. 12667.

Court of Civil Appeals of Texas. Fort Worth. April 25, 1932.

Rehearing Denied May 28, 1932.

M. A. Bryan and Homer B. Latham, both of Bowie, for appellants.

Benson & Benson, of Bowie, and True Strong, of Nocona, for appellees.

CONNER, C. J.

This suit was instituted by O. V. Alexander and other children and sole heirs of R. R. Alexander, deceased, showing themselves entitled to so sue, against W. H. Wilson and Ruby Wilson, his wife, to recover upon a promissory note for $4,405.65, dated March 23, 1926, and to foreclose a trust deed lien upon 320 acres of land situated in Montague county, Tex., given to secure said note. The defendants, Wilson and wife, demurred to the plaintiffs' petition, and, among other things not necessary to state, pleaded that, at the time of the execution of said note and trust deed, the south 200 acres of said land described in the plaintiffs' petition, and upon which it was sought to foreclose the lien, was situated in Montague county, Tex., and constituted their homestead, and had long been used and occupied as such.

To this plea the plaintiffs pleaded a recitation in the deed of trust alleging that the defendants were estopped thereby from claiming the homestead exemption.

The defendants' demurrer was overruled, and, upon conclusion of the evidence, the court peremptorily instructed the jury to find for the plaintiffs against W. H. Wilson for the amount due upon the note, and for a foreclosure of the trust deed lien against both W. H. Wilson and his wife, Ruby Wilson. The verdict was so returned, and judgment rendered in accordance therewith, from which judgment Wilson and wife have duly prosecuted this appeal, and have assigned error to the action of the court in overruling their demurrer and to the giving of the peremptory instruction and judgment.

Without quoting therefrom, we think it sufficient to say that the evidence undoubtedly tended to show that the 320 acres had been long used and occupied by the defendants, Wilson and wife, as their homestead, but that at the date of the execution of the note and trust deed, and for several years prior thereto, they were temporarily residing upon property in the town of Nocona, with no intent to abandon their old homestead, Wilson in the meantime cultivating and using parts of the old homestead. Indeed it is not contended by appellees that the evidence on the issue of homestead vel non is insufficient to raise the issue or to justify the peremptory instruction on that ground. The contention in behalf of appellees is that the recitation in the trust deed as a matter of law estopped Wilson and wife from asserting their homestead claim. The plaintiffs thus pleaded the estoppel: "That the defendants in this cause did in the deed of trust fully described and made a part of plaintiffs' original petition, represent to R. R. Alexander, to whom the note and deed of trust lien sued upon were given, that said 320 acres of land as described in plaintiffs' petition formed no part of their homestead by and through the following representation which were relied upon by the said R. R. Alexander contained in such deed of trust, to wit: 'It is agreed and understood

that the above described property (which is the property described in plaintiffs' original petition) is not our homestead and not considered as any part of our homestead' "—further alleging that the defendants at the time were living on property located in the city of Nocona.

Plaintiffs offered no evidence that R. R. Alexander, at the time of the execution of the note and trust deed, was without knowledge of the long-continued occupation of the 320 acres as the homestead of Wilson and wife, and of the character of the occupation of their property in Nocona, and hence that he relied upon and was deceived by the recitation in the trust deed. Nor was there any evidence offered that the value of the land upon which the trust deed was given, exclusive of the 200 acres claimed as a homestead, was of a value less than would constitute a sufficient security for the note, and hence that R. R. Alexander probably suffered damage on account of the recitation. In other words, the plaintiffs neither alleged nor offered to prove the elements of an equitable estoppel.

In the brief of appellees, their contention is thus stated: "It was not error for the court to fail to submit the issue of estoppel to the jury for the reason that the provision of the deed of trust providing that such property constituted no part of the makers' homestead, together with the additional facts that said parties did not live on said property, constituted as a matter of law sufficient and undisputed facts to show estoppel; that said appellants were estopped as a matter of law to deny the truth of such recitals in said deed of trust"—citing the following authorities in support of their contention: Carstens v. Landrum (Tex. Com. App.) 17 S.W.(2d) 803; Rutherford v. McGee (Tex. Civ. App.) 241 S. W. 629; Heirs of Corzine v. Williams, 85 Tex. 499, 22 S. W. 399; Surtees v. Hobson (Tex. Civ. App.) 4 S.W.(2d) 245; United Fidelity Life Ins. Co. v. Fowler (Tex. Civ. App.) 38 S.W. (2d) 128; Blanks v. Bank (Tex. Civ. App.) 44 S.W.(2d) 393; Purdy v. Grove (Tex. Civ. App.) 35 S.W.(2d) 1078; Parrish v. Hawes, 95 Tex. 185, 66 S. W. 209; Gibraltar Sav. & Bldg. Association v. Harper (Tex. Civ. App.) 41 S. W.(2d) 130; Dodson v. Dickey (Tex. Civ. App.) 264 S. W. 586; Marshburn v. Stewart (Tex. Civ. App.) 295 S. W. 679; Allen v. Berkmier (Tex. Civ. App.) 216 S. W. 647; Johnson v. Company (Tex. Civ. App.) 217 S. W. 407; Llewellyn v. Bank (Tex. Civ. App.) 265 S. W. 222; 21 C. J. pages 1089 and 1111; Alldredge v. Wilson (Tex. Civ. App.) 268 S. W. 1045; Sperry v. Moody (Tex. Civ. App.) 269 S. W. 272.

We are of the opinion that appellees' contention as above quoted and as insisted upon in their brief and in argument before the court on submission is not sustained by the authorities quoted, which we think are clearly distinguishable from the case we have before us.

An estoppel has been defined to be "an admission or determination under circumstances of such solemnity that the law will not allow the fact so admitted or established to be afterwards drawn in question between the same parties or their privies." 3 Words and Phrases, First Series, 2495, citing Sly v. Hunt, 159 Mass. 151, 34 N. E. 187, 21 L. R. A. 680, 38 Am. St. Rep. 403. Estoppels are also classified in the authorities as estoppel by judgment, estoppel by deed, and estoppel in pais. Plaintiffs below and appellees here evidently rely upon the rules relating to an estoppel by deed or contract, as presumably did the court below. This court said in the case of Rutherford v. McGee, 241 S. W. 629, 632: "It is also to be remembered that estoppel by deed is distinguishable from estoppel in pais. * * * In the case of estoppel by deed, the deed on its face, when recorded, conveys notice to all persons of the legal and equitable effect of the instrument, and of the recitals therein which operate on the grantor, to estop him from asserting a title in conflict with that which his deed purports to convey. Nothing further is needed for the protection of the title of the grantee."

In that case we cited the case of Heirs of Corzine v. Williams, 85 Tex. 499, 22 S. W. 399, 401, in which Judge Gaines used the following language: "The doctrine of an estoppel by deed is essentially different from that of an estoppel in pais, and is founded upon the theory that the parties have contracted upon the basis of the recited facts."

The terms "deed" and "contract" are used interchangeably in the authorities relating to estoppel. Estoppel by contract is thus defined in the case of United Fidelity Life Insurance Co. v. Fowler (Tex. Civ. App.) 38 S.W.(2d) 128, 131: " 'Estoppel by contract' * * * means no more than that a party is bound by the terms of his own contract until set aside or annulled for fraud, accident, or mistake. Estoppel by contract is not, strictly speaking, an estoppel in pais, because it lacks several of the essential elements of an estoppel in pais but is regarded merely a form of quasi estoppel based on the idea that a party to a contract will not be permitted to take a position inconsistent with its provisions, to the prejudice of another."

We have been unable to bring ourselves to the conclusion that the present case comes within the rules relating to estoppel by deed or contract. In Bigelow on Estoppel (6th Ed. by Carter) p. 362, it is said: "An estoppel by deed is a preclusion against the competent parties to a *valid* sealed contract, and their privies, to deny its force and effect by any evidence of inferior solemnity." (The italics are ours.)

Again the same author, on page 380 says: "It is essential to the estoppel by deed that the deed itself (which of course must be delivered) should be a valid instrument; a void instrument, though under seal, does not work an estoppel at law or in equity"—citing numerous cases in support of the text quoted.

■ Under the decisions in this state, a trust deed such as we have under consideration does not convey the legal title. At most it can operate only as a lien. See Wright v. Henderson, 12 Tex. 43; McLane v. Paschal, 47 Tex. 365; Blackwell v. Barnett, 52 Tex. 326.

Section 50 of article 16 of our State Constitution provides that: " * * * No mortgage, trust deed, or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage, or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void."

In the case of Whitlock v. Gosson, 35 Neb. 829, 53 N. W. 980, 981, quoted in 45 A. L. R. 434, it is said: "Estoppel will not supply the want of power, or make valid an act prohibited by express provisions of law. The statute, in effect, declares a conveyance or incumbrance of the family homestead by the husband alone void, not only as to the wife, but also as to the husband himself. Therefore neither is estopped from asserting the homestead rights as against the grantee or mortgagee. Such is the view sanctioned by the clear weight of authority, and supported by the soundest reasoning. * * * To hold that such a conveyance could be enforced as against the husband, while void as to the wife and children, would be not only absurd in the extreme, but would be a flagrant usurpation of legislative powers."

In 8 Words and Phrases, First Series, 7332, under the title "Void," we find a number of definitions of the term. We quote the following:

" 'Void' means of illegal form; of no effect whatever. And. Law Dict. Of no legal force or effect. Webst. Dict. Chandler v. Kennedy, 8 S. D. 56, 65 N. W. 439, 441.

"The term 'void,' in its more limited sense, implies an act of no effect at all, being a nullity ab initio. Inskeep v. Lecony, 1 N. J. Law (Coxe) 111, 112."

The following is from the case of Cummings v. Powell, 8 Tex. 81, 82: "A void act is one which is entirely null, not binding on either party, and not susceptible of ratification; and a voidable act is one which is obligatory upon others until disaffirmed by the party with whom it originated, and which may be subsequently ratified or confirmed."

"But a void act is neither a law nor a command. It is a nullity. It confers no authority. It affords no protection. Whoever seeks to enforce unconstitutional statutes or to justify under them, or to obtain immunity through them, fails in his defense and in his claim of exemption from suit." Hopkins v. Clemson Agricultural College, 221 U. S. 636, 31 S. Ct. 654, 657, 55 L. Ed. 890, loc. cit. col. 1, p. 895, 35 L. R. A. (N. S.) 243.

■■ While the term "void" has been frequently construed as voidable only, we think its strict technical sense as defined in the above authorities is the construction that should be given to the term "void" as used in the constitutional provision we have quoted. Indeed, we incline to the view that the quotation we have made from the trust deed under consideration, and which is relied on to establish the estoppel by appellees, is not a contract relating to the alleged homestead under consideration. The contract evidenced by the note of W. H. Wilson and wife was to pay the sum of money evidenced by their note to Alexander and to give a lien upon the lands described in the trust deed, and the quoted terms from the trust deed were a mere incident of their contract and amount to no more than a mere representation, and therefore cannot be construed as an estoppel by deed or contract in its relation to that part of the land in controversy claimed by appellants as their homestead. The trust deed is a nullity by force of the terms of the Constitution. The court below therefore erred in ruling as he did that from the face of the trust deed alone the estoppel pleaded by the appellees had been established. This conclusion finds verification in the case of Equitable Mortgage Co. v. Norton, by our Supreme Court, reported in 71 Tex. 683, loc. cit. 689, 10 S. W. 301, 304, from which we quote the following: "As the constitution denounces as invalid all liens upon the homestead save purchase money, or for improvements made thereon, whether created by the husband alone or together with his wife (article 16, § 50), the lienholder cannot rely upon such mortgage or trust deed attempting to give a lien. The privy acknowledgment of the wife does not cure the invalidity of a trust deed for a loan upon the homestead. The estoppel, therefore, must be made out by proofs of facts outside the instrument itself. It cannot directly or by its recitations bind the homestead."

It follows that appellees' estoppel, if any, is not by deed or contract, but one in pais.

The elements of an estoppel in pais are thus stated in the case of Equitable Mortgage Co. v. Norton, from which we have just quoted, loc. cit. page 689 of 71 Tex., 10 S. W. 301, 304: "The elements present in an estoppel by conduct are summarized in Bigelow, Estop. 484: (1) 'There must have been a false rep-

resentation or a concealment of material facts; (2) the representation must have been made with knowledge of the facts; (3) the party to whom it was made must have been ignorant of the truth of the matter; (4) it must have been made with the intention that the other party should act upon it; (5) the other party must have been induced to act upon it.' These rules are practically recognized by our courts in the decisions upon the subject. Burleson v. Burleson, 28 Tex. 416; Scoby v. Sweatt, 28 Tex. 730."

In Texas Jurisprudence, vol. 17, p. 144, § 15, it is said:

"No estoppel is predicable of acts or statements of the defendant where it is not shown that the conduct or position of the plaintiff has in any respect been influenced thereby to his prejudice.

" 'One material element of an estoppel is that the party claiming it must have been misled by the representations or conduct of the opposite party to change his position for the worse.'

" 'A party is estopped whenever he has gained an undue advantage, and has caused his adversary a loss or injury.'

"The plaintiff must establish that he will be damaged, injured or prejudiced if the defendant is not held to be estopped."

In the succeeding section 16, bottom of page 147, it is said: "The party alleging estoppel has the burden of proving the facts which give rise to estoppel or responsibility on the part of his opponent. He must establish that he will suffer loss or injury if his plea of estoppel is not sustained, and that he acted in reliance on the defendant's representations or without knowledge or notice of the facts. 'Before an estoppel can arise as a matter of law, there must be certainty to every intent, and the facts alleged to constitute it are not to be taken by argument or inference.' "

In Anderson v. Walker, County Judge, 93 Tex. 119, 53 S. W. 821, it was held in an opinion by Mr. Justice Williams of our Supreme Court that, quoting from the headnotes: "Whatever moral wrong or fraudulent purpose may be involved in a false statement, only one who will suffer legal injury from its falsity can assert it as an estoppel against proof of the truth." See, also, Waxahachie National Bank v. Bielharz, 94 Tex. 493, 62 S. W. 743.

As stated in an early part of this opinion, appellees neither alleged nor proved the elements of an estoppel in pais. We finally conclude that, for the error of the court in overruling the general demurrer of appellants and in giving the peremptory instruction, the judgment below must be reversed, and the cause remanded for further proceedings, if any, not inconsistent with this opinion.